Carroll,   )
Oct. 7, 1902. (

CASSIDY & a.    v.    MUDGETT.

Where a former adjudication is interposed as a defence to an action of trespass
   *quare clausum*, it is competent for the plaintiff to show by extrinsic evi-
   dence the matters determined by the prior litigation.
If the defendant in an action of trespass *quare clausum* claims title to only a
   part of the land described in the declaration, a judgment in his favor is not
   a bar to a similar action against his successors in title as to the remainder
   of the premises.

TRESPASS *quare clausum*.    Plea, the general issue.    Trial at
the March term, 1902, of the superior court before *Stone*, J., who
ordered a nonsuit, and the plaintiffs excepted.

*Arthur L. Foote*, for the plaintiffs.

*James A. Edgerly* and *John B. Nash*, for the defendant.

WALKER, J.    The principal question which the parties have
argued relates to the effect of a judgment rendered in 1883 ; and
while the manner in which it is presented is open to criticism, it
has been deemed best to consider it as if it were properly raised
upon a motion for a nonsuit, which was granted subject to exception.
In this view the plaintiffs' evidence tended to show the following
facts : In 1881, Hodgdon and others, under whom the plaintiffs
claim title, brought an action of trespass *quare clausum* against
Mudgett, the defendant's ancestor in title.    The description of the
*locus* in the declaration covered the same tract of land that is de-
scribed in the declaration in the present suit.    There was judg-
ment upon the report of a referee granting the defendant's motion
for a nonsuit.    The plea was the general issue.    The plaintiffs in-
troduced the deeds used by the plaintiff in the former action, and
claimed title by adverse possession as in that action.    The plaintiffs'
evidence also tended to show, that at the trial before the referee
the only land in controversy was a small part of the tract de-
scribed in the declaration, located south of a certain line on a plan
of the land called " the red line "; that no trespass was claimed
north of that line ; that Mudgett then claimed that was the true line,
and verbally disclaimed any right, title, or interest in the land north
of it, which was then in the possession of Hodgdon ; that in 1894
Hodgdon conveyed the land described in the writ to the plaintiffs ;
that since 1849, they and their ancestors in title have held adverse

possession of the land north of the red line ; that the defendant entered upon this land and committed the trespass complained of.

Upon this evidence it is contended that a verdict for the plaintiffs cannot be sustained, and that the nonsuit was properly ordered. But the argument in support of that contention is founded upon an essentially erroneous assumption, that the point sought to be decided in this case is the same point raised and decided in the former case. If this were true, the plaintiffs would be bound by the former judgment. To determine the truth of that contention, in the present situation of the case, it is only necessary to inquire whether the material facts which the plaintiffs' evidence tends to prove show that the subject-matter of the suit is the same that was litigated and determined by the former judgment. Although the plea was the general issue, it is competent for the plaintiffs to prove by other evidence what the real point in issue was in the former suit. *Morgan* v. *Burr*, 58 N. H. 470, 472 ; *Hinckley* v. *Franklin*, 69 N. H. 614. The extent and effect of the judgment may thus appear to be confined within narrower limits than the declaration and plea might indicate.

Without deciding upon the effect of all the plaintiffs' evidence, if found to be true, it is sufficient that they offered to prove that the matter in dispute in the former suit was the title to the strip of land south of the red line, where the alleged trespass was committed, while their present claim is for a trespass committed north of that line. Assuming that fact to be proved, it follows that the title to the land north of the line was not directly or necessarily involved. Evidence insufficient to support the plaintiffs' title to the land on one side of the line might be sufficient to prove title to the land on the other side. If, as the plaintiffs' evidence tends to show, the defendant at the time of the former trial did not claim any interest in the land north of the red line, but insisted merely upon a possessory title to the land on the south, it is very evident that the judgment, besides establishing the defendant's claim, did not also determine the immaterial question of the plaintiffs' title to land north of the line. In that question the defendant had no interest, if the plaintiffs' evidence is true.

Whether the plaintiffs could maintain their claim to the land now in question, by means of the same evidence which was held insufficient to sustain their claim in 1881 to the land then in controversy, is an immaterial question, in view of the evidence that the defendant then in effect disclaimed title to the land now claimed by the plaintiffs. If Hodgdon's title to the entire tract rested upon the evidence introduced by him, his right as against Mudgett to a part of the land not claimed by Mudgett, and upon which there was no evidence of trespass, would not necessarily be

determined in that suit.   In other words, if the parties either by specific pleadings, or by admissions or agreements in the conduct of the trial upon the general issue, limited the controversy to the title to a part of the land described in the declaration, the conclusiveness of the judgment rendered thereon would not be more extensive than the subject-matter actually litigated.   *King* v. *Chase,* 15 N. H. 9 ; *Moulton* v. *Libbey,* 15 N. H. 480 ; *Metcalf* v. *Gilmore,* 63 N. H. 174, 189.

*Exception sustained.*

All concurred.